IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Action No. 08-cr-00533-REB
(Civil Action No. 10-cv-00353-REB)

UNITED STATES OF AMERICA,

v.

1. DEANDRE SMITH,
   also known as "Little D,"

   Movant.

_____

ORDER OF DISMISSAL
_____

Movant, DeAndre Smith, also known as "Little D," is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. On February 17, 2010, Mr. Smith submitted *pro se* a letter asking for reconsideration of his sentence. As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the letter was deficient.

On February 22, 2010, Mr. Smith was directed to cure the deficiency in this case if he wished to pursue his claims. He specifically was directed to submit within thirty days on the proper, Court-approved form a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The order of February 22, 2010, warned Mr. Smith that failure to cure the designated deficiency within the time allowed would result in the dismissal of this instant action without further notice and without prejudice. Mr. Smith has failed within the time allowed to comply with the directives of the order of February 22, 2010, or to communicate otherwise with the Court in any way.

Mr. Smith pleaded guilty in this Court to conspiracy to distribute and possession with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance. He was sentenced to sixty-five months of imprisonment and to five years of supervised release. Judgment was entered on the docket on September 16, 2009. He did not appeal from the judgment.

Pursuant to § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence. Generally, the one-year limitation period begins to run when the judgment of conviction in a criminal case becomes final. Mr. Smith's conviction became final when the time for filing a direct appeal expired. **See** Fed. R. App. P. 4(b)(1)(A). Therefore, Mr. Smith had one year from the date when the judgment became final to pursue habeas corpus relief. The instant application for federal habeas review does not statutorily toll the limitations period. **See Duncan v. Walker**, 533 U.S. 167, 181-82 (2001). Accordingly, it is

ORDERED that the action is dismissed without prejudice for the failure of Movant, DeAndre Smith, also known as "Little D," within the time allowed to cure the deficiency designated in the February 22, 2010, order to cure and for his failure to prosecute.

DATED at Denver, Colorado, March 30, 2010.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge